Our next case for argument is Michael Outley v. City of Chicago. Appeal number 21-2476. Good morning, Ms. Frederick. Good morning, Your Honor. May it please the Court, good morning to each of you. Appel v. Frederick on behalf of Plaintiff Michael Outley. In 2013, Plaintiff Outley sued the City of Chicago and several of its Department of Water Management employees for discrimination and retaliation. Summary judgment was entered in favor of defendants in what we will refer to as Outley 1. The issue presented on appeal is a very narrow one regarding a motion for relief from judgment based upon the defendant's commission of fraud on the court. The district court abuses discretion in denying plaintiff's motion for relief from judgment. The court erred in finding the inconsistencies between a key witness's declaration and testimony given later in a deposition did not show that the declaration was procured by fraud. The court incorrectly found that the inconsistencies to be not probative of fraud. Plaintiffs clearly established that defendant's motion for summary judgment was based upon defendant's fraud committed upon the court due to false testimony provided by one of the defendant's witnesses. In Outley 1, plaintiff alleged, among other things, that he had unlawfully been passed over for promotions to the position of chief operating engineer several times between the years 2010 and 2017. Jill May is or was a testing specialist with Defendant City of Chicago Department of Human Resources and was presented as a witness by the city on the issue of the testing procedures for chief operating engineer between the years, again, 2010 to 2017. This issue arises based on the inconsistencies in the declaration of Jill May presented in November of 2017 in Outley 1 and the testimony of Jill May given in her deposition. Ms. Frederick? Yes, ma'am. Is there a reason that Mr. Outley never sought to depose Jill May in Outley 1, and if so, what is the reason? That's a very good question. Jill May was disclosed as a witness late in 2017 along with some 20 to 30 other potential witnesses disclosed by the city. Her declaration was presented for the first time as part of defendant's motion for summary judgment. So, that's the reason she was not disclosed earlier. By the time she was disclosed, discovery was closed. So, she was never disclosed on a witness list or anything like that? They just came up? I mean, the first time you ever heard her or the client ever heard her name was in the summary judgment briefing? No, sir. She was disclosed in, I believe, it was April of 2017. Summary judgment was November of that same year. So, she was disclosed, but after discovery was closed and late in the case. And we found out what she purportedly was to say as part of the summary judgment motion. What was defendant's counsel's role in suborning perjury here? The declaration as prepared by, we believe that... Well, wait a minute. That's the question. Is that enough, we believe that? That's the problem. We believe that is not a legal standard. Very true. The declaration prepared by the city's attorney was crafted to... It stated that Ms. May's declarations were made on her personal knowledge. And they presented Ms. May as an expert witness on the testing procedures for Chief Operating Engineer at the Department of Water Management. In her deposition, Ms. May clearly stated she had no participation in preparing the questions, administering the tests, evaluating the results for Chief Operating Engineer. But what was the lawyer's role for the city of Chicago, and what is the evidence of it? Sure. The lawyers, the fact that... The declaration language was geared toward distracting from the real issue. But what was the lawyer's role in crafting that language to distract from the real issue? Even if I'm with you on that, what role did the lawyer play in that? Yes, sir. The problem is not with the attorney drafting the declaration. That's a common practice, as we all know, and it's not in and of itself nefarious. What is problematic here is it shows that the defendant's attorneys were aware that May's statement in her declaration was not truthful. If the statement's truth stood on their own accord, defendant's attorneys would not have had to so discreetly craft the declaration to the point of placing the signature block on a different page, a practice that suggests May's signature was procured first and the declared facts attached later. Ms. Frederick, are you suggesting that's what happened? I am. Do you have any evidence to that effect? I have. You're making very serious accusations. Yes, sir, I am. And you have no apparent evidence to back them up other than a witness giving somewhat different answers to different questions three years apart. Now, if every time a witness contradicts something they said three years apart, we start inferring malfeasance, perjury, suborning of perjury, our system's going to fall apart. Witnesses contradict themselves or present things with a different slant all the time. The declaration suggests that Ms. May was an expert on the testing procedures for the position that's in question in this case between the years 2010 and 2017. That's what that declaration said, that she was making these statements based on her personal knowledge and that she knew how the test was prepared, that she participated in the administration, the scoring, and the grading. In her deposition two years later, she said none of that was the fact. So I don't believe she was confused. How did she phrase that in her deposition? In her deposition, she said she had no part in the testing process for Chief Operating Engineer at the Department of Water Management. More importantly, or as importantly, her declaration says that the testing process was changed from a three-part to a two-part to align with best practices. In her deposition, she said the test was changed because Shackman was no longer an issue. Those are inconsistent statements. If Ms. May knew... Do you think they can both be true? They might both be true. With explanation? They might both be true. Was she asked for an explanation? Yes. Was she confronted with the prior affidavit in her deposition? She was confronted with what was contained in the affidavit. And I'd like to preserve the rest of the time for rebuttal. Mr. Merrill. May it please the Court? Appellant's argument for fraud on the Court is entirely based on bare speculation. It is devoid of any factual support, and it does not even remotely approach showing that the District Court abused its discretion in denying his motion for a leave from judgment. Unless the Court has any questions, the City is prepared to rest on its brief. Thank you. Ms. Frederick, do you have anything else you'd like to add? Yes, sir. Okay. Take your time. Thank you. It was not Ms. May's knowledge of testing procedures in general that the District Court relied upon in deciding summary judgment. Rather, the information provided related to the Chief Operating Engineer testing process, specifically which May admitted she had no direct involvement in or knowledge of. The District Court ruled that the May declaration and deposition were not inconsistent, that the declaration involved general knowledge of the testing procedure after Ms. May had reviewed certain files for the relevant years, and said that that was not inconsistent. The District Court agreed that a summary judgment decision cited to the May declaration and the attached exhibits as background for the examination for each time plaintiff was not selected for a promotion. The District Court misanalyzed plaintiff's key argument as to the discrepancy between May's declaration and her deposition. In her declaration, May stated the test was changed to two-part to align with best practices and legal perceived standards. In her deposition, May admitted it was changed because the Department of Human Resources no longer had to worry about Shackman. What was couched as best practices actually was an admission that the hiring agency no longer had to be objective in the process. It is this hiding of information that constituted fraud on the court. I thank you. Thank you. Thank you, Ms. Frederick.